IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| JONATHAN ZARAGOZA, | |
|---|---|
| Petitioner, | **MEMORANDUM DECISION & ORDER DENYING MOTION TO DISMISS HABEAS PETITION** |
| v. | |
| SHANE NELSON, | Case No. 4:18-CV-50-DN |
| Respondent. | District Judge David Nuffer |

## BACKGROUND

**State criminal case.** Petitioner was convicted of state crimes, *State v. Zaragoza*, 2012 UT App 268, ¶ 1, and sentenced to one fifteen-year-to-life term and two zero-to-five-year terms, (ECF No. 5-1, at 21-22). His direct appeal ended when Utah Court of Appeals affirmed his conviction on September 27, 2012. *Zaragoza*, 2012 UT App 268, at ¶ 10. Petitioner did not seek certiorari review in the Utah Supreme Court. The time to do so expired October 29, 2013. Utah R. App. P. 48(a) ("A petition for a writ of certiorari must be filed with the Clerk of the Supreme Court within 30 days after the entry of the final decision by the Court of Appeals.").

**Federal habeas case**. On September 3, 2013, Petitioner filed a federal habeas petition in this Court. *Zaragoza v. Bigelow*, 2:13-CV-816-CW (D. Utah Sept. 3, 2013). On September 29, 2016, the petition was dismissed without prejudice. *Id*., slip op. at 1.

**State post-conviction case.** On September 20, 2013, Petitioner applied for state post-conviction relief. (ECF No. 5-3, at 1.) Summary judgment was granted for the State and affirmed by Utah Court of Appeals. *Zaragoza v. State*, 2017 UT App 215, ¶ 1. Petitioner sought certiorari

review in the Utah Supreme Court, which was denied on April 3, 2018. *Zaragoza v. State*, 417 P.3d 579 (Utah 2018) (table).

This federal habeas petition was filed July 17, 2018. (ECF No. 1.) Respondent moves for dismissal, arguing the petition was filed past the period of limitation. (ECF No. 5.) Petitioner responds, arguing that the petition was filed in time under the prison-mailbox rule. (ECF No. 8).

## ANALYSIS

The applicable federal statute sets a one-year period of limitation to file a habeas-corpus petition. 28 U.S.C.S. § 2244(d)(1) (2020). The period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. § 2244(d)(1)(A). So, when the time expired on October 29, 2013 for Petitioner to seek certiorari review in the Utah Supreme Court, the one-year limitation period began running.

### 1. Statutory tolling

The limitation period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period." *May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C.S. § 2244(d)(2) (2020)).[1] A "state postconviction application 'remains pending' 'until the application has achieved final resolution through the State's postconviction procedures.'" *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (quoting *Carey v. Saffold,* 536 U.S. 214, 220 (2002)); *see Fisher v. Raemisch*, 762 F.3d 1030,

---

[1] Petitioner's prior federal habeas petition could not serve to toll the period of limitation. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding "application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C.S. § 2244(d)(2)" (2020), and so section does "not toll the limitation period during the pendency of [petitioner's earlier] federal habeas petition").

2

1032 (10th Cir. 2014). When the post-conviction case ends in state court, the federal one-year limitation period begins to run again.

Tolling, however, does not revive the limitation period--i.e., restart the clock at zero. It serves only to suspend a clock that has not already run. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001); *see also Laws v. LaMarque*, 351 F.3d 919, 922 (9th Cir. 2003). Thus, any time between when a petitioner's direct appeal becomes final and when he files his petition for state post-conviction relief is counted in the limitation period. And, any time between when the state post-conviction action concludes and before a petitioner's habeas petition is filed also counts toward the limitation period because state-collateral review only pauses the one-year period; it does not delay its start. *See McMonagle v. Meyer*, 766 F.3d 1151, 1159 (9th Cir. 2014) (J. Rawlinson, dissenting) ("Although filing of collateral proceedings may toll the running of the limitations period, it does not affect commencement of the running of the limitations period.").

In other words, time elapsing after a petitioner's conviction becomes final on direct review, but before a state post-conviction petition is filed, and time after final disposition of the petitioner's post-conviction proceedings, but before the filing of the federal habeas petition, *aggregate* to count against the one-year-limitation period. *See Sutton v. Cain*, 722 F.3d 312, 316 n.6 (5th Cir. 2013) ("To calculate when the limitations period has run, we aggregate the time between (i) the date the petitioner's conviction became 'final' and the date the petitioner filed his state [post-conviction] application; and (ii) the date the state [post-conviction] process concluded and the date the petitioner filed his federal habeas petition.").

From October 29, 2013, the limitation period ran 326 days, when, on September 20, 2013, Petitioner filed his (ultimately unsuccessful) state post-conviction application and tolled

the period. (ECF No. 5-3, at 1.) Thirty-nine days remained. The state post-conviction action ended on April 3, 2018, when Utah Supreme Court denied certiorari review. *Zaragoza*, 417 P.3d at 579. The period began running that day and expired thirty-nine days later, on May 11, 2018.

According to Respondent, when this federal petition was filed on the Court's docket on July 17, 2018, it was 67 days too late.

## 2. Prison Mailbox Rule

In Petitioner's opposition to Respondent's Motion to Dismiss, Petitioner contends that the prison-mailbox rule should be applied to render his petition timely.

The applicable prison-mailbox rule states:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

R.3(d), Rs. Governing § 2254 Cases in the U.S. Dist. Cts.

Petitioner did not provide a notarized statement. The remaining question then is whether he made such declaration complying with § 1746, which reads:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and

> dated, in substantially the following form: . . . ."I declare (or
> certify, verify, or state) under penalty of perjury that the foregoing
> is true and correct. Executed on (date). (Signature)".

28 U.S.C.S. § 1746 (2020).

And, indeed, the petition's last page has this very language: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 5/9/18 (month, date, year). Executed (signed) on 5/9/18 (date). /s/ Jonathan Zaragoza." (ECF No. 1, at 69.) This is supported by (a) copy of Petitioner's letter (stamped "Received" by the Court on May 15, 2018) explaining his May 6, 2018 attempt to pay his habeas filing fee, (ECF No. 8-1, at 2); (b) copy of a letter from Court Clerk's Office stating Petitioner's "Writ of Habeas Corpus" was "dated May 9, 2019" and "received May 15, 2018," (ECF No. 8-2, at 2); and, (c) copy of his inmate account statement, showing on May 11, 2018 that five dollars was deducted for payment to "DISTRICT COURT" (his filing-fee amount here) and postage was deducted, (ECF No. 9, at 2).

Respondent has not taken its opportunity to reply to Petitioner's opposition memorandum at all, let alone contest Petitioner's mailbox-rule arguments. Instead, Respondent filed a Request to Submit, asserting that briefing was complete and ready for decision. (ECF No. 11.)

Meanwhile, Petitioner has shown the required evidence of a declaration that he submitted his petition for mailing in the prison mailing system on May 9, 2018, before the "last day for filing," on May 11, 2018. R.3(d), Rs. Governing § 2254 Cases in the U.S. Dist. Cts.

## ORDER

**IT IS ORDERED** that:

(1) Respondent's motion to dismiss is **DENIED**. (ECF No. 5.) With the prison-mailbox rule's application, this federal habeas petition was filed within the period of limitation.

(2) The stay, (ECF No. 7), is now lifted and Respondent must answer the petition within forty-five days, following the Court's earlier directions, (ECF No. 3).

(3) Petitioner must respond to the answer within thirty days or risk dismissal.

DATED this 2nd day of March, 2020.

BY THE COURT:

DAVID NUFFER
United States District Judge