THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JONATHAN ZARAGOZA,<br><br>                    Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>                    Respondent. | **MEMORANDUM DECISION &**<br>**ORDER DENYING HABEAS RELIEF**<br><br>Case No. 4:18-CV-50-DN<br><br>District Judge David Nuffer |

In this federal habeas-corpus case, *pro se* inmate Jonathan Zaragoza,[1] attacks his state conviction. 28 U.S.C.S. § 2254 (2021) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Having carefully considered the verified Petition, and exhibits, (ECF No. 1); Respondent's response and exhibits, (ECF No. 14); and, Petitioner's "traverse" opposing the response, and exhibits, (ECF No. 27), the Court concludes that Petitioner has procedurally defaulted most issues and not surmounted the federal habeas standard of review on remaining issues. The petition is therefore denied.

## BACKGROUND

After Petitioner assaulted his wife, a jury convicted him of one count each of aggravated kidnapping, aggravated assault, and domestic violence in a child's presence. *Zaragoza v. State*,

---

[1] Because Petitioner is *pro se*, his pleadings must be construed liberally. *Garrett v. Selby, Connor, Maddux, & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). However, this requirement does not obligate the Court to form arguments for him or excuse compliance with procedural rules. *Id*.

2017 UT App 215, ¶¶ 1, 4. He was sentenced to concurrently serve a term of fifteen-years-to-life and two terms of zero-to-five years. (ECF No. 5-1, at 21-22.)

On direct appeal, Utah Court of Appeals affirmed his conviction, against challenges regarding the trial court's (1) denial of Petitioner's request for a jury instruction on aggravated assault as a lesser-included offense of aggravated kidnapping: and (2) admission at trial of his wife's out-of-court statements. *State v. Zaragoza*, 2012 UT App 268, ¶ 3. He did not petition for writ of certiorari.

Petitioner timely filed a state post-conviction petition. (ECF No. 5-3, at 1.) The petition was denied. (*Id.* at 11.) On appeal, the Utah Court of Appeals affirmed the denial. *Zaragoza*, 2017 UT App 215, at ¶ 1. The Utah Supreme Court denied a petition for writ of certiorari. *Zaragoza v. State*, 417 P.3d 579 (Utah 2018) (table).

**I. State Post-Conviction Petition**

Petitioner's state post-conviction petition contended:

**(A)** Trial court erred in allowing prosecutor to testify about communications by Petitioner to his wife (violating a no-contact order), and Petitioner's prior bad acts and unadjudicated pending charges. (ECF No. 1, at 15, 17.)

**(B)** Ineffective assistance of trial counsel, when counsel **(1)** called victim as witness; **(2)** did not investigate alibi evidence; **(3)** did not submit appropriate jury instruction for lesser-included offense, nor challenge charges because of lesser-included grounds; and **(4)** did not object to prosecutor's testimony about communications by Petitioner to wife. (*Id.* at 15-16.)

**(C)** Ineffective assistance of appellate counsel, when counsel did not on direct appeal **(1)** investigate and raise ineffective-of-assistance claims later brought in post-conviction petition; **(2)**

2

petition for certiorari review with Utah Supreme Court; and **(3)** raise Petitioner's claims of speedy-trial violation and trial counsel's ineffectiveness for not challenging it. (*Id.* at 16.)

On summary-judgment, the trial court ruled ground **(A)** "could have been raised at trial and on appeal and was not" and so was "independently precluded by Utah Code Ann. § 78B-9-106." (ECF No. 1, at 17-18.) And, because they could have been raised on direct appeal but were not, summary judgment was also granted on ground **(B)** trial-counsel-ineffectiveness claims. (*Id.* at 18-25.) Ground **(C)** claims were dismissed on the merits. (*Id.* at 23-25.)

### II. Appeal of State Trial Court's Denial of Post-Conviction Relief

Petitioner appealed to Utah Court of Appeals. *Zaragoza*, 2017 UT App 215. The grounds that the trial court dismissed as precluded on post-conviction review because they could have been but were not raised at trial or direct appeal were all affirmed on that very same basis. *Id.* at ¶¶ 23, 26 n.6. Meanwhile, the trial court's dismissal of Petitioner's ineffective-assistance-of-appellate-counsel claims was affirmed on the merits. *Id.* at ¶¶ 26-45. Petitioner unsuccessfully petitioned the Utah Supreme Court for writ of certiorari, raising these same grounds. *Zaragoza*, 417 P.3d at 579.

### III. Issues Raised in this Federal Habeas Petition

Petitioner now challenges his conviction and sentencing in this federal habeas petition, raising these grounds:

**(A)** The same challenges rejected by the Utah Court of Appeals (but not brought to the Utah Supreme Court) on direct appeal, as to the trial court's **(1)** denial of Petitioner's request for jury instruction on aggravated assault as a lesser-included offense of aggravated kidnapping: and **(2)** admission at trial of wife's out-of-court statements. *Zaragoza*, 2012 UT App 268, at ¶ 3.

**(B)** Ineffective assistance of trial counsel, when counsel **(1)** did not investigate alibi evidence; **(2)** did not submit appropriate jury instruction for lesser-included offense, nor challenge charges because of lesser-included grounds; and **(3)** did not object to prosecutor's testimony about communications by Petitioner to wife. (ECF No. 1, at 15-16.)

**(C)** Appellate counsel ineffectiveness, when counsel did not on direct appeal **(1)** raise trial-counsel-ineffective-assistance claims from the post-conviction petition; **(2)** petition for certiorari review with Utah Supreme Court; and **(3)** raise Petitioner's claims of speedy-trial violation and trial counsel's ineffectiveness for not challenging it. (*Id.* at 16.)

## ANALYSIS

The State responds that Petitioner's issues grouped under **(A)** and **(B)** are barred in this Court because of Petitioner's procedural default in state court. (ECF No. 14, at 11-16.) The State further contends Petitioner's issues grouped under **(C)** must be dismissed on the merits. The Court agrees.

### I. Procedural Default

In general, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all remedies in Utah courts. *See* 28 U.S.C.S. § 2254(b) & (c) (2021); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998). To exhaust his remedies, Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief. *See Picard*, 404 U.S. at 276; *Knapp*, 1998 WL 778774, at *2-3. Here, because he neither petitioned for certiorari review on his direct appeal (the lesser-included-offense and confrontation-right issues), nor raised his ineffective-assistance-of-trial-counsel claims on direct appeal, Petitioner failed to properly present these issues for a full round of review in Utah courts, which would

have culminated with the Utah Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). These claims are therefore unexhausted in the state courts.

The United States Supreme Court has said that when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

Utah's Post-Conviction Remedies Act states that a petitioner is ineligible "for relief under this chapter upon any ground that . . . could have been but was not raised at trial or on appeal." Utah Code Ann. § 78B-9-106(1) (2021); *cf. Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000).

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'" *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (alteration omitted) (citation omitted).

Under the Utah law identified above, Petitioner is now foreclosed from raising any of these procedurally defaulted arguments in future state post-conviction petitions. And, he has not argued that an exception (cause and prejudice or miscarriage of justice) applies to rescue him from the procedural bar's operation. *Thomas*, 218 F.3d at 1221. The Court therefore denies relief on the following grounds: **(A)** Challenges regarding the trial court's **(1)** denial of Petitioner's

request for a jury instruction on aggravated assault as a lesser-included offense of aggravated kidnapping: and **(2)** admission at trial of his wife's hearsay statements. *Zaragoza*, 2012 UT App 268, at ¶ 3. And, **(B)** ineffective assistance of trial counsel, when counsel **(1)** did not investigate alibi evidence; **(2)** did not submit appropriate jury instruction for lesser-included offense, nor challenge charges because of lesser-included grounds; and **(3)** did not object to prosecutor's testimony about communications by Petitioner to wife. (ECF No. 1, at 15-16.)

## II. Merits

Petitioner asserts his appellate counsel was constitutionally ineffective when counsel did not, on direct appeal, raise trial counsel ineffective-assistance claims brought in post-conviction petition; petition for certiorari review with Utah Supreme Court; and, raise Petitioner's claim of speedy-trial violation and trial counsel's ineffectiveness for not challenging it. (*Id.* at 16.)

### A. Standard of Review

The standard of review to be applied in federal habeas cases is found in § 2254, under which this habeas petition is filed, stating in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.S. § 2254(d) (2021). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id*. § 2254(e)(1).

This "highly deferential standard," *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quotation marks and citation omitted); *see Littlejohn v. Trammell*, 704 F.3d 817, 824 (10th Cir. 2013), is "'difficult to meet,' because [the statute's] purpose is to ensure that federal habeas relief functions as a 'guard against extreme malfunctions in the state criminal justice systems,' and not as a means of error correction." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-103 (2011) (citation omitted)); *see also Rippey v. Utah*, 783 F. App'x 823, 825 (10th Cir. 2019) ("If this deferential 'standard is difficult to meet, that is because it was meant to be.'" (quoting *Harrington*, 562 U.S. at 102)). This Court is not to determine whether the court of appeals's decisions were correct or whether this Court may have reached a different outcome. *See Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). "The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983). And, "[t]he petitioner carries the burden of proof." *Cullen*, 563 U.S. at 181.

### 1. Factual Findings

Petitioner suggests that there are unresolved questions of fact upon which habeas relief hinges. (ECF No. 27, at 5.) But, none of the appellate-counsel-ineffectiveness issues reviewed on the merits involves material fact questions--i.e., for purposes of its decision on post-conviction review, the Utah Court of Appeals assumed (a) Petitioner's wife testified for the defense; (b) trial counsel did not investigate an alibi defense or raise speedy-trial issues; (c) appellate counsel did not argue on direct appeal that trial counsel was ineffective for not requesting jury instructions for kidnapping and unlawful detention as lesser included offenses of aggravated kidnapping; and, (d) appellate counsel did not file a certiorari petition on direct appeal.

Factual issues are therefore discussed no further.

## 2. Legal Determinations

Under *Carey v. Musladin*, 549 U.S. 70 (2006), the first step is determining whether clearly established federal law exists relevant to Petitioner's claims. *House v. Hatch*, 527 F.3d 1010, 1017-18 (10th Cir. 2008); *see also Littlejohn*, 704 F.3d at 825. Only after answering yes to that "threshold question" may the Court go on to "ask whether the state court decision is either contrary to or an unreasonable application of such law." *House*, 527 F.3d at 1018.

> [C]learly established [federal] law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*Id.* at 1016.

Further, "in ascertaining the contours of clearly established law, we must look to the '*holdings* as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" *Littlejohn*, 704 F.3d at 825 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 660-61 (2004) (emphasis added) (citations omitted)); *see also Fairchild v. Trammel*, 784 F.3d 702, 710 (10th Cir. 2015) (stating "Supreme Court holdings 'must be construed narrowly and consist only of something akin to on-point holdings'" (quoting *House*, 527 F.3d at 1015)). And, in deciding whether relevant clearly established federal law exists, this Court is not restricted by the state court's analysis. *See Bell v. Cone*, 543 U.S. 447, 455 (2005) ("[F]ederal courts are not free to presume that a state court did not comply with constitutional dictates on the basis of nothing more than a lack of citation."); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) ("[A] state court need not even be aware of our precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'") (citation omitted).

If that threshold is overcome, this Court may grant habeas relief only when the state court has "unreasonably applied the governing legal principle to the facts of the petitioner's case." *Walker v. Gibson*, 228 F.3d 1217, 1225 (10th Cir. 2000) (citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). This deferential standard does not let a federal habeas court issue a writ merely because it determines on its own that the state-court decision erroneously applied clearly established federal law. *See id.* "'Rather that application must also be unreasonable.'" *Id.* (quoting *Williams*, 529 U.S. at 411). Indeed, "'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Harrington*, 562 U.S. at 100 (emphasis in original) (quoting *Williams*, 529 U.S. at 410).

This highly demanding standard means to pose a sizable obstacle to habeas petitioners. *Id.* at 102. Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id*. It maintains power to issue the writ when no possibility exists that "fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents. It goes no further." *Id.* To prevail in federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. It is against this backdrop that the Court now applies the standard of review here.

### B. Appellate-Counsel Ineffectiveness

The issue not procedurally defaulted– ineffectiveness of appellate counsel – is addressed on the merits.[2]

---

[2] The Court looks to the court of appeals's order, *Zaragoza*, 2017 UT App 215, as it is the last reasoned state-court opinion on the claims at issue. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

Recalling that the federal statute tightly curbs review, this Court observes the Utah Court of Appeals properly selected the governing legal tenets with which to analyze the ineffective-assistance issue. *Zaragoza*, 2017 UT App 215, at ¶ 27 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). They stem from *Strickland*'s familiar two-pronged standard: (1) deficient performance by counsel, measured by a standard of "reasonableness under prevailing professional norms"; and, (2) prejudice to the defense caused by that deficient performance. *Strickland,* 466 U.S. at 687-88. The prejudice element requires showing errors were so grave as to rob Petitioner of a fair proceeding, with reliable, just results. *Id.*

The court of appeals further noted, generally, "The same standards apply to claims for ineffective assistance of appellate counsel as apply to claims for ineffective assistance of trial counsel." *Zaragoza*, 2017 UT App 215, at ¶ 27. The court of appeals also observed the general principles:

> To prevail on a claim of ineffective assistance of appellate counsel, a defendant "must show that the issue was obvious from the trial record and . . . probably would have resulted in reversal on appeal." *Lafferty v. State*, 2007 UT 73, ¶ 39 (ellipsis in original) (brackets, citation, and internal quotation marks omitted). "'[T]he Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal . . . . [C]ounsel frequently will "winnow out" weaker claims in order to focus effectively on those more likely to prevail.'" *Ross v. State*, 2012 UT 93, ¶ 45 (second alteration in original) (citation omitted).

*Zaragoza*, 2017 UT App 215, at ¶ 29.

None of these general tenets is questioned by Petitioner. But, as required by the standard of review, the Court now analyzes his challenge to whether the Utah Court of Appeals reasonably applied *Strickland*.

10

### 1. Trial Counsel Ineffective-Assistance Claims

Though each trial-counsel-ineffectiveness claim was itself procedurally defaulted, the court of appeals did a merits review of trial-counsel ineffectiveness to assess whether appellate counsel was ineffective for failing to raise trial-counsel-ineffectiveness claims. The court of appeals examined each instance of trial-court ineffectiveness separately under *Strickland*.

**Wife's trial testimony**. The court of appeals stated that counsel's decision to have the victim-wife testify gave the defense a chance for challenging "the reliability of Wife's [already admitted out-of-court] statements, the severity of the harm to her, and assert[ing] that she was not physically restrained[;] therefore plausible tactical reasons [existed] for counsel to call Wife to testify, and in the context of ineffective assistance claims we do not second-guess tactical decisions by counsel." *Zaragoza*, 2017 UT App 215, ¶ 31 (quotation marks omitted and alterations added) (citing *Strickland*, 477 U.S. at 690 (stating "strategic choices . . . relevant to plausible options are virtually unchallengeable")).

**Alibi defense.** The court of appeals stated that

> trial counsel's alleged failure to investigate alibi information was not constitutionally ineffective representation, because the State was not required to prove, for any of the crimes with which Zaragoza was charged, that Zaragoza was present at the motel for any specific length of time, and certainly not for the entire time that Wife claimed he was there. . . . Trial attorneys must often make difficult decisions about which matters to spend time, energy, and resources on, and which matters to let go. . . . [T]rial counsel was not constitutionally ineffective for making the decision to spend his resources elsewhere.

*Id.* at ¶¶ 33, 36 (citing *Burke v. State*, 2015 UT App 1, ¶¶ 23, 25, 26 (citing *Strickland*, 466 U.S. at 689 ("[I]t is all too easy . . ., examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission was unreasonable.")).

**Lesser-included offenses of aggravated kidnapping.** Petitioner asserts that his appellate attorneys were ineffective for not arguing, on direct appeal, that his trial counsel was ineffective for failing to request jury instructions for kidnapping and unlawful detention as lesser included offenses of aggravated kidnapping. But the court of appeals explained that "[o]ne crucial difference between aggravated kidnapping and a lesser offense is the use of a dangerous weapon," and "[t]he evidence at trial showed--overwhelmingly--that Zaragoza used a baseball bat when he assaulted Wife. . . . Thus, there was no 'rational basis' for a jury to convict him of either kidnapping or unlawful detention, but acquit him of aggravated kidnapping." *Id.* at ¶ 39. So, the analysis concluded, "Zaragoza was not entitled to lesser included offense instructions on the aggravated kidnapping charge, [and] his trial counsel was not ineffective for failing to argue for the lesser included instructions. Therefore, Zaragoza's appellate attorneys were not ineffective for failing to argue that his trial counsel was ineffective." *Id.* at ¶ 40.

**Analysis and conclusion**. Under the standard of review, Plaintiff does not even substantively argue that the court of appeals got this wrong. Though he does echo the standard of unreasonable application of the governing legal principle to the facts of the petitioner's case, it is just a recitation. Beyond showing recognition of the standard, he provides no analysis at all to challenge the court of appeals's conclusions that appellate counsel was not ineffective (in not raising these trial-court-ineffectiveness questions on appeal), because (1) counsel's strategic choice to have his wife testify was plausible and thus unassailable; (2) alibi evidence was irrelevant to these particular crimes, so counsel could reasonably have decided to spend resources elsewhere; and (3) the legal standard for lesser-included offenses supported counsel's decision not to submit a lesser-included-offense instruction.

Petitioner instead focused on how he repeatedly asked appellate counsel to raise certain issues of trial-counsel ineffectiveness on appeal and how his requests were ignored. (ECF No. 1, at 60-61.) But the federal habeas standard is not whether Petitioner brought to appellate counsel's attention his belief that there were valid issues to be brought on appeal. Petitioner must show that appellate counsel's determinations--not to raise on appeal trial counsel's decisions to call Petitioner's wife as a witness, not investigate alibi evidence, and not request the jury instruction--were in line with *Strickland* and its progeny, as set forth specifically by the United States Supreme Court.

Petitioner has not met his burden under the habeas standard of review here; thus, this issue of appellate-counsel ineffectiveness is dismissed.

### 2. Failure to File Certiorari Petition

In assessing the issue under *Strickland*, the court stated:

> Zaragoza claims he was denied effective assistance of counsel because his appellate attorneys, after this court affirmed Zaragoza's convictions on direct appeal, did not seek review before the Utah Supreme Court. However, the Utah Supreme Court's review is discretionary. *See* Utah Code Ann. § 78A-3-102(5) (2012). This claim therefore fails for the simple reason that there is no constitutional right to counsel on discretionary appeals. *See Ross v. Moffitt*, 417 U.S. 600, 610 (1974) (explaining defendant does not have constitutional right to counsel for purpose of mounting "discretionary appeal to the State Supreme Court"). It follows, then, that there is no right to effective assistance of counsel in asking an appellate court to accept a discretionary appeal. *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam) (explaining that because defendant does not have constitutional right to review on discretionary appeals, petitioner cannot be deprived of effective assistance of counsel by counsel's failure to seek discretionary review). Therefore, the district court properly granted summary judgment on this claim.

*Zaragoza*, 2017 UT App 215, at ¶ 41.

Petitioner's unsupported argument is that the court of appeals got the law wrong--i.e., his appeal here was not discretionary. Again, he has not provided citations to United States Supreme Court cases that support his view. Petitioner's arguments fail under *Strickland*--no deficient-performance and no prejudice.

### 3. Speedy-Trial Issues

Finally, Petitioner contends that his appellate counsel should have argued on direct appeal that his speedy trial rights were breached. In assessing these issues under *Strickland*, the court of appeals agreed with the district court's conclusion that, as to the crimes charged here, when trial was held less than a year from filing of charges, the length of delay was not presumptively prejudicial. *Id.* at ¶¶ 44-45 (citing *Doggett v. United States*, 505 U.S. 647, 651-52 (1992)). The court of appeals thus resolved that--because Petitioner's speedy-trial rights were not violated--appellate attorneys could not be ineffective for omitting this argument on direct appeal. *Id.* at ¶ 45.

Petitioner's focus here is not the stringent standard of review he was required to meet, but instead on his requests for a speedy trial "from the start" and that his wishes should have been honored by his own counsel. (ECF No. 27, at 25.) But, here again, the federal habeas standard is not whether Petitioner brought to defense counsel's attention his hopes for speedy trial, but whether appellate counsel's determination--not to raise this issue on appeal--was out of sync with *Strickland* and its progeny, as set forth specifically by the United States Supreme Court.

Petitioner has not met the habeas standard of review here; thus, this issue of appellate-counsel ineffectiveness is also dismissed.

### 4. Applicable to All Claims of Ineffective Assistance of Appellate Counsel Here

As noted repeatedly above, Petitioner does not suggest any United States Supreme Court on-point case law exists that is at odds with the court of appeals's analyses and results. Though he cites one Supreme Court case in his petition, (ECF No. 1), and twenty-two Supreme Court cases in his opposition, (ECF No. 27), to the State's response, only eight--including the obvious *Strickland*--are cited on the topic of ineffective assistance. Still, none of the cases are on point. *See, e.g., McCoy v. Louisiana*, 138 S. Ct. 1500, 1505 (2018) (holding ineffective assistance of trial counsel when conceded guilt over defendant's vociferous objection); *Lafler v. Cooper*, 566 U.S. 156, 161, 163, 174 (2012) (holding ineffective assistance of trial counsel when advised incorrect legal rule leading defendant to reject plea bargain with much lower sentence on two counts than defendant received after convicted at trial on four counts); *Rompilla v. Beard*, 545 U.S. 374, 377 (2005) (holding, even when capital defendant and family have not suggested mitigating evidence, defense counsel must make reasonable efforts to find material counsel knows prosecution will likely rely on at sentencing as aggravation evidence); *Williams*, 529 U.S. at 390 (holding ineffective assistance when counsel failed to present substantial mitigating evidence to sentencing jury); *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000) (holding, when counsel's constitutionally deficient performance deprives defendant of appeal of right he otherwise would have taken, defendant has made out successful ineffective-assistance-of-counsel claim entitling him to appeal); *Strickland*, 466 U.S. at 668 (setting forth general standard).

Based on *Strickland*, the Utah Court of Appeals was right to analyze how appellate counsel's performance may have been deficient or prejudicial, and, on the basis that it was not, reject Petitioner's ineffective-assistance-of-appellate-counsel claims. This Court is therefore not

at all persuaded that the court of appeals's application of relevant Supreme-Court precedent was unreasonable and denies habeas relief.

## CONCLUSION

Petitioner's claims are either procedurally defaulted or do not hurdle the federal habeas standard of review.

**IT IS ORDERED** that this habeas corpus petition under § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

Dated September 29, 2021.

BY THE COURT:

David Nuffer
United States District Judge